HALL, Judge.
This is a suit on an open account brought by Kilpatrick Ford, Inc., against A. M. Alexander and R. V. Alexander, father and son respectively. The plaintiff sought judgment against the defendants in solido for $1,244.80, allegedly due for work done on vehicles and parts sold to defendants, who were alleged to be doing business together. Attached to plaintiff’s petition were ledger cards showing a balance on an account in the name of R. V. Alexander in the amount of $1,156.20 and a balance on an account in the name of A. M. Alexander in the amount of $88.60. R. V. Alexander made no appearance except as a witness, admitting at the trial that he owed the amount shown on the ledger card in his name. A. M. Alexander answered, admitting he owed plaintiff $88.60, which amount he deposited in the registry of the court, and denying liability for the R. V. Alexander account.
Following trial the district court rendered judgment by default against R. V. Alexander for $1,244.80, subject to a credit *389 of $88.60, and against A. M. Alexander for $88.60, subject to the previous deposit of this amount in the registry of the court. The plaintiff perfected an appeal from this judgment. We affirm the decision of the trial court.
On appeal plaintiff contends that the two Alexanders were doing business together as a partnership or joint venture and that they are liable in solido for the repairs made to and parts furnished for vehicles used in their pulpwood business. The evidence does not support plaintiff’s contention.
The plaintiff’s sole witness was J. B. Robinson, Jr. its bookkeeper, who testified that A. M. Alexander came to him and requested that the business account be put in the name of and that charges be made to R. V. Alexander as his son was taking over the business. Thereafter the A. M. Alexander account was carried on an inactive basis showing a balance of $88.60. All charges were made to R. V. Alexander’s account and at the time suit was filed showed a balance of $1,156.20. No statements were mailed to A. M. Alexander and no demand was made on him for payment of the R. V. Alexander account. All payments on the account were made by R. V. Alexander and from the time the account was changed all of plaintiff’s dealings were with R. V. Alexander.
Both A. M. Alexander and R. V. Alexander testified that R. V. took over the business at the time the account was changed and that thereafter he was solely responsible for the debts of the business. Joe Burns, a timber dealer, corroborated defendants’ testimony. He testified that R. V. took over the pulpwood business from his father and thereafter all of his dealings were with R. V. Alexander alone.
The only evidence tending to support plaintiff’s position was Robinson’s testimony that he had some information that title to the vehicles was held by A. M. Alexander and that A. M. Alexander made some payments on the chattel mortgages on the vehicles. These facts alone do not substantiate a conclusion that a partnership or other business relationship existed between the Alexanders which would cast liability on A. M. Alexander for the debts incurred by his son for repairs to the vehicles.
There is no evidence that A. M. Alexander in any way obligated himself for the debts sued on or that he participated in the son’s business on any basis.
The burden of proof is on the plaintiff suing on an open account. Robertson v. Cambon, 176 La. 753, 146 So. 738 (1933). Plaintiff has not carried the burden in this case insofar as A. M. Alexander is concerned.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.